UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PEMELIA R. HAYDEN,                )
                                  )
        Plaintiff,                )
                                  )
        v.                        )   Case No. 12-cv-17 (RJL)
                                  )
UNITED STATES OF AMERICA,         )
                                  )   **FILED**
        Defendant.                )
                                      **FEB 27 2014**
        MEMORANDUM OPINION            Clerk, U.S. District & Bankruptcy
        (February 26, 2014) [Dkt. #14]   Courts for the District of Columbia

Pemelia Hayden ("plaintiff") is suing the United States of America ("defendant" or "the government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2671–2680, for injuries that she allegedly sustained when she slipped and fell at Walter Reed Army Medical Center ("Walter Reed"). *See generally* Compl. [Dkt. #1]. The government moves to dismiss or alternatively for summary judgment. *See* Def.'s Mot. to Dismiss for Failure to Prosecute, or in the Alternative Mot. for Summ. J. ("Mot. to Dismiss") [Dkt. #14]; Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") [Dkt. #14-1]. Upon consideration of the parties' pleadings, relevant law, and the entire record therein, the Motion for Summary Judgment is GRANTED.

## BACKGROUND

Plaintiff's allegations are quite simple: On the morning of February 6, 2007, she was in the dining hall at Walter Reed. *See* Compl. ¶¶ 9–10. After purchasing a bagel and cream cheese, she "stopped to get a cup of water from the fountain area at which time she

slipped and fell on water on the floor," injuring her right hand and wrist. *Id.* ¶¶ 10–12. She got back up, looked around, and saw no "wet floor" signs or other warnings. *See id.* ¶ 13. Plaintiff seeks damages in the amount of $100,000, of which $70,000 is for "[d]amage incurred from the personal injury" and $30,000 is for "[p]ain [and] [s]uffering." *Id.* at 4.

Plaintiff filed her complaint on January 5, 2012. *See* Compl. The government answered on May 11, 2012, *see* Answer [Dkt. #5], and a few weeks later, the parties filed a meet and confer statement, which called for an exchange of initial disclosures on July 20, 2012 and expert disclosures on January 4 and February 15, 2013, *see* Joint Rule 16.3 Statement at 5 [Dkt. #6]. All discovery in the case was to close on March 29, 2013. *Id.*

Curiously, the docket went quiet for the next several months, during which the parties should have been conducting discovery according to the schedule set forth in their meet and confer statement. But on March 25, 2013, defendant moved to compel plaintiff to produce her *initial disclosures*—which were already quite late by that point—and to respond to discovery requests. *See* Mot. to Compel [Dkt. #8]. Over no objection from plaintiff, I granted the motion. *See* Minute Order (Apr. 21, 2013). Five days later, plaintiff finally filed two identical documents that purported to be Rule 26(a)(1) and (2) statements. *See* Rule 26(a)(1) Initial Disclosures ("Initial Disclosures") [Dkt. ##10, 11].[1]

---

[1] Attached to both filings were a series of motions in limine from a different case that plaintiff's counsel was apparently litigating in the Circuit Court for Prince George's County, Maryland. *See* Initial Disclosures at 4–21. On May 3, plaintiff refiled the same 26(a)(1) and (2) disclosures

2

Plaintiff also filed a Certificate of Compliance [Dkt. #9], which stated that her counsel had just mailed interrogatory responses to the government.

The government now moves for summary judgment on the ground that plaintiff has not put forward an expert to opine on the standard of care, and without such testimony, plaintiff cannot prove negligence. Def.'s Mem. at 10–13. Plaintiff concedes that she has not offered a standard-of-care expert or sought any discovery *at all* for that matter. *See* Local Civil Rule 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."); *compare* Def.'s Statement of Material Facts Not in Genuine Dispute ¶¶ 11–12 [Dkt. #14-2], *with* Pl.'s Statement of Material Facts in Genuine Dispute [Dkt. #16-2]. Instead, she takes the position that "[e]xpert testimony is not required to prove the standard of care" in this case, Mem. in Supp. of Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Mem.") at 5 [Dkt. #16], because "[t]he complaint on its face is adequate" and "allows the court and a jury to draw the reasonable inference that the [d]efendant(s) are liable for the misconduct alleged," *id.* at 3, 4.[2]

---

without the unrelated motions. *See* Rule 26(a) Initial Disclosures [Dkt. #13].

[2] The government also moves to dismiss under Rule 41(b), claiming that plaintiff has failed to prosecute this case diligently, as evidenced by her belated and inadequate Rule 26 disclosures and discovery responses, not to mention her failure to conduct *any* discovery of her own. *See* Def.'s Mem. at 4–8. I need not address this issue because I find that summary judgment is appropriate in any event. *See Fontanez v. U.S. Customs Serv.*, 293 F. Supp. 2d 51, 53 n.8 (D.D.C. 2003).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he Court must draw all justifiable inferences in favor of the nonmoving party and accept the nonmoving party's evidence as true." *Howard Town Ctr. Developer, LLC v. Howard Univ.*, --- F. Supp. 2d ----, 2013 WL 6671748, at *9 (D.D.C. Dec. 19, 2013). At the same time, however, "'[a] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial,'" and summary judgment against the nonmoving party is proper. *Id.* at *10 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Haney v. Marriott Int'l, Inc.*, No. 05cv2501, 2007 WL 2936087, at *3 (D.D.C. Oct. 9, 2007) ("By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment." (citing *Celotex*, 477 U.S. at 322)).

## ANALYSIS

The FTCA says that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Plaintiff in this case alleges that the United States was negligent in failing to post "wet floor" signs or otherwise maintain a safe floor around the drinking fountain at Walter Reed. *See* Pl.'s Mem. at 5–7. "Under

District of Columbia law, which applies under the FTCA, the plaintiff in a negligence action bears the burden of proof, by a preponderance of the evidence, to demonstrate the applicable standard of care, deviation from that standard, and the causal relationship between the deviation and plaintiff's injury." *Appleton v. United States*, 180 F. Supp. 2d 177, 182 (D.D.C. 2002) (citing *Messina v. District of Columbia*, 663 A.2d 535, 537–38 (D.C. 1995)).

District of Columbia law also says that "'there is only one standard of care for persons lawfully upon [a] landowner's or land occupier's property, and that is reasonable care under the circumstances.'" *Frazza v. United States*, 529 F. Supp. 2d 61, 69 (D.D.C. 2008) (quoting *Sandoe v. Lefta Assocs.*, 559 A.2d 732, 742 (D.C. 1989)). It is plaintiff's burden "to establish what constitutes 'reasonable care' under the circumstances." *Id.* To meet that burden, plaintiff must offer expert testimony "'if the subject in question is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson.'" *Briggs v. Wash. Metro Area Transit Auth.*, 481 F.3d 839, 845 (D.C. Cir. 2007) (quoting *District of Columbia v. Arnold & Porter*, 756 A.2d 427, 433 (D.C. 2000)). Judges on this Court have noted the trend in the District of Columbia towards requiring expert testimony to establish the standard of care, even in cases that seem to involve matters of common knowledge. *See, e.g., Frazza*, 529 F. Supp. 2d at 70; *Haney*, 2007 WL 2936087, at *4; *Griggs v. Wash. Metro. Area Transit Auth.*, No. 99cv1552, 2002 WL 31174533, at *4 (D.D.C. Sept. 30, 2002) ("[T]he District of Columbia Court of

Appeals has required plaintiffs to present expert testimony regarding standards of care for relatively common situations."). At least two of my colleagues have followed that trend in slip-and-fall cases involving floor safety, maintenance, and signage. *See Frazza*, 529 F. Supp. 2d at 62 (floor of White House on snowy day); *Haney*, 2007 WL 2936087, at *4 (floor of hotel bathtub). Both also granted summary judgment in the defendants' favor because the plaintiffs failed to offer expert testimony sufficient to establish the standard of care. *See Frazza*, 529 F. Supp. 2d at 68–75; *Haney*, 2007 WL 2936087, at *3–6.

I will do the same. Plaintiff maintains that "[t]he complaint on its face is adequate" to survive summary judgment, Pl.'s Mem. at 3; however, it is well established that "[p]laintiff, in response to [d]efendants' [summary judgment] motion, must 'go beyond the pleadings'" by citing affidavits, depositions, interrogatory answers, and admissions, *Frazza*, 529 F. Supp. 2d at 68 (quoting *Celotex*, 477 U.S. at 324). She "may not 'rely solely on allegations or conclusory statements.'" *Haney*, 2007 WL 2936087, at *3 (quoting *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999)). Although plaintiff's brief offers up several vague standards of care that she believes were breached by some unidentified person(s) at Walter Reed, not one of them is supported by expert authority— or any authority at all, for that matter, besides the say-so of plaintiff's counsel.[3] A jury

---

[3] *See id.* at 5 ("Walter Reed's maintenance staff should always be on notice of water fountains and food dispensary area for spills and mishandled beverages."); *id.* at 6 ("Premises liability claims include: Slippery floors, Broken steps, Inadequate lighting, An assault by a patron drinking at a bar or restaurant if obviously intoxicated, Lack of a handrail, Falling objects, Substances or items on the floor and a general Failure to warn."); *id.* ("Property owners are required to inspect their property for known and unknown hazards that constitute an

would therefore be left to engage in inappropriate speculation about what "reasonable care" actually required under the circumstances of this case. *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, 627 F. Supp. 2d 1, 11 (D.D.C. 2009) ("It is *not* the role of the jury to speculate about what standard of care is required, but rather, to determine whether or not the required standard of care has been breached based on the credible evidence submitted by the parties as to what standard of care is required.").

As *Frazza* and *Haney* show, there is a bit of a science to floor safety. Having conducted no discovery at all, it is impossible to imagine how plaintiff could establish even the most foundational facts in this case (like what the Walter Reed floor was made out of, how it was maintained, and who was responsible for monitoring it on the day in question), much less provide the jury with a sufficiently specific, authoritative standard of care. Plaintiff's failure in this regard is fatal to her case. *See, e.g.*, *Griggs*, 2002 WL 31174533, at *5 ("As the plaintiff never argues that he in fact has disclosed or even hired an expert, the defendants' arguments raise no disputed issues of fact. Consequently, because the plaintiff cannot establish the requisite standard of care, the court grants the defendants' motions for summary judgment as a matter of law." (footnote omitted)).[4]

---

unreasonably dangerous condition and to remedy them or to warn invitees of the dangers."); *id.* at 7 ("It is reasonable to believe that the maintenance and dining area staff new [sic] or should have known of the regular need to clean and maintain for spills in the dining area and elsewhere within Walter Reed Medical Center.").

[4] It bears noting that even if plaintiff could get to a jury, her potential recovery would likely be limited to just $1,908.10—the total damages for which she provided any support in her initial disclosures. *See* Initial Disclosures at 2; *see also Armenian Assembly of Am., Inc. v. Cafesjian*,

## CONCLUSION

For the foregoing reasons, the government's Motion for Summary Judgment is GRANTED. An appropriate order shall accompany this Memorandum Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

746 F. Supp. 2d 55, 71 (D.D.C. 2010).